UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE RANCH OPPORTUNITIES, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>ROMAN HUAMAN,<br><br>            Defendant. | No.  2:13-cv-1958 KJM AC PS<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

      Plaintiff Granite Ranch Opportunities commenced an unlawful detainer action in Sacramento County Superior Court on August 20, 2013.  Notice of Removal ("NOR"), Ex. A (ECF No. 1 at 8-12).  Defendant Roman Huaman removed this action on September 20, 2013 purportedly on the basis of subject matter jurisdiction.

      Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

1  only when a federal question is presented on the face of the plaintiff's properly pleaded
2  complaint." Id.  Moreover, "a court may raise the question of subject matter jurisdiction, sua
3  sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822,
4  826 (9th Cir. 2002).

5  With the Notice of Removal, defendant provides a copy of the complaint filed in
6  Sacramento County Superior Court.  The complaint contains a single claim for unlawful detainer.
7  In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to the
8  Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The PFTA provides
9  protections to tenants who reside in properties subject to foreclosure, including the requirement
10 that a 90-day notice to vacate be given to bona fide tenants.  See SD Coastline LP v. Buck, 2010
11 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint for unlawful
12 detainer does not state claims under any federal law.  Rather, defendant appears to assert the
13 PFTA is at issue by virtue of defendant's defense to the action.[1]

14 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
15 party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
16 Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
17 Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
18 Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
19 Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
20 indicates that the only cause of action is one for unlawful detainer, which arises under state law
21 and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
22 under 28 U.S.C. § 1331 does not exist.

23 For these reasons, IT IS HEREBY ORDERED that the February 19, 2014 initial
24 scheduling set before the undersigned is vacated; and

25 IT IS HEREBY RECOMMENDED that this case be remanded to Sacramento County

---

[1] Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1  Superior Court for lack of jurisdiction.
2      These findings and recommendations are submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
4  after being served with these findings and recommendations, defendant may file written
5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Any response to the objections shall be filed and served within
7  fourteen days after service of the objections.  Defendant is advised that failure to file objections
8  within the specified time may waive the right to appeal the District Court's order.
9  DATED: September 20, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;gran1958.remand

3